UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN LEE CHILDERS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RYAN RAYOME, et al.,<br><br>　　　　　Defendants. | No. 2: 20-cv-1058 KJN P<br><br><br>ORDER |

   Plaintiff is a county prisoner, proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

   Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

   Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust

account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted).

1  In reviewing a complaint under this standard, the court must accept as true the allegations of the

2  complaint in question, id., and construe the pleading in the light most favorable to the plaintiff.

3  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468

4  U.S. 183 (1984).

5      Named as defendants are Butte County Jail Medical Staff Ryan Rayome, Butte County

6  Jail Doctor Bogle and Butte County Jail.

7      Plaintiff alleges that on March 26, 2020, he arrived at the Butte County Jail with a healing

8  stress fracture in his third left toe. On April 3, 2020, plaintiff told defendant Rayome of the injury

9  to his left foot. On that date, defendant Rayome ordered an x-ray. On April 6, 2020, plaintiff

10 alleges that he (plaintiff) received the x-ray confirming his injury. On April 14, 2020, defendant

11 Rayome wrongly diagnosed plaintiff with a neuroma, although the x-ray clearly showed a stress

12 fracture.[1]

13     On April 23, 2020, plaintiff had another x-ray. Plaintiff alleges that defendant Bogle

14 compared the April 23, 2020 x-ray to the April 3, 2020 x-ray. Plaintiff alleges that defendant

15 Rayome violated his Eighth Amendment rights and state law when he failed to treat plaintiff's

16 injury even though the April 3, 2020 x-ray showed a stress fracture.

17     Because plaintiff claims that the alleged deprivations occurred after he arrived at the jail,

18 for the purposes of the instant order, the undersigned finds that plaintiff was a pretrial detainee at

19 the time of the alleged deprivations. Accordingly, the undersigned herein considers plaintiff's

20 claim alleging inadequate medical care based on the Fourteenth Amendment, rather than the

21 Eight Amendment.

22     Deliberate indifference to a serious medical need violates the Eighth Amendment's

23 proscription against cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 104

24 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds,

25 WMX Techs, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A determination of

---

[1] "A neuroma is a painful condition, also referred to as a 'pinched nerve' or a nerve tumor. It is a benign growth of nerve tissue frequently found between the third and fourth toes. It brings on pain, a burning sensation, tingling, or numbness between the toes and in the ball of the foot." See https://www.apma.org/neuromas.

3

"deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need.  See McGuckin, 974 F.2d at 1059.

Where, as here, the inmate is a pretrial detainee rather than a convicted prisoner, the inmate's rights derive from the Fourteenth Amendment's Due Process Clause rather than the Eighth Amendment's Cruel and Unusual Punishments Clause.  See Gibson v. County of Washoe, 290 F.3d 1175, 1187 (9th Cir. 2002) (citing Bell v. Wolfish, 441 U.S. 520, 535 (1979)).  In other words, deliberate indifference to a pretrial detainee's serious medical needs violates the Fourteenth Amendment's Due Process Clause.  Although a deliberate indifference test applies to a pretrial detainee's claim, it is an objective deliberate indifference test, rather than the subjective deliberate indifference test applicable to a prisoner's claim.  See Gordon v. County of Orange, 888 F.3d 1118, 1122 & n.4 (9th Cir. 2018).  The claim is evaluated under an objective deliberate indifference standard.

> [T]he elements of a pretrial detainee's medical care claim against an individual defendant under the due process clause of the Fourteenth Amendment are: (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved -- making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

Id. at 1125.  With regard to the third element, the defendant's conduct must be objectively unreasonable -- "a test that will necessarily turn[ ] on the facts and circumstances of each particular care."  Id. (citations and internal quotation marks omitted).

"Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care."  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006.) (internal quotation marks omitted).  The four-part test articulated in Gordon requires the inmate to prove more than negligence, but less than subjective intent --something akin to reckless disregard.  Gordon, 888 F.3d at 1125.

Attached to the complaint is a radiology report from plaintiff's April 23, 2020 x-ray. (ECF No. 1 at 12.) This report states that defendant Rayome ordered the x-ray and defendant Bogle interpreted the x-ray. (Id.) The report states, in relevant part,

> FOOT COMPLETE MIN. 3V, LEFT
>
> Comparison 4/6/2020.
>
> Results:  Stable Alignment.
>
> Periosteal reaction of the distal third metatarsal. Findings consistent with stress fracture.
>
> The adjacent fourth metatarsal does not exhibit similar finding.
>
> Conclusion:   Periosteal reaction consistent with healing stress fracture of the distal third metatarsal.

(Id.)

Plaintiff did not attach a copy of the report from the first x-ray to his complaint.

Also attached to the complaint are two responses to grievances filed by plaintiff regarding his failure to receive treatment for his stress fracture. Both responses say that the results of plaintiff's first x-ray were normal. (Id. at 8, 11.)

Plaintiff appears to allege that defendant Rayome disregarded the results of the first x-ray which showed a stress fracture when he diagnosed plaintiff with a neuroma on April 14, 2020. However, as discussed above, the responses to plaintiff's grievance state that the results of the first x-ray were normal. The undersigned also does not read the report from the April 23, 2020 x-ray, set forth above, to suggest that the first x-ray showed a stress fracture.

The court is not required to accept as true allegations that contradict exhibits attached to the complaint. Daniels-Hall v. National Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010). Plaintiff's claim that the results of the first x-ray showed a stress fracture are contradicted by the responses to his grievances attached to the complaint. Accordingly, plaintiff's claim that defendant Rayome disregarded the results of the first x-ray is dismissed with leave to amend. If plaintiff files an amended complaint, he shall clarify his claim against defendant Rayome. If possible, plaintiff shall include the report from the first x-ray. Plaintiff shall also clarify if he is claiming that the responses to his grievances incorrectly stated that the results of his first x-ray

1  were normal.

2      The only allegation against defendant Bogle is that he read the results of the April 23,

3  2020 x-ray, which showed a stress fracture.  It is unclear how plaintiff is alleging defendant Bogle

4  violated his Fourteenth Amendment rights by reading the results of this x-ray.  Accordingly, this

5  claim is dismissed with leave to amend.

6      Plaintiff also alleges that he did not receive a brace or device until April 27, 2020, i.e.,

7  four days after the April 23, 2020 x-ray.  However, plaintiff does not allege that any defendant

8  caused this alleged delay in treatment.

9      The Civil Rights Act under which this action was filed provides as follows:

10
> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the deprivation
> of any rights, privileges, or immunities secured by the Constitution .
> . . shall be liable to the party injured in an action at law, suit in equity,
> or other proper proceeding for redress.

11

12

13  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

14  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

15  Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983

16  liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no

17  affirmative link between the incidents of police misconduct and the adoption of any plan or policy

18  demonstrating their authorization or approval of such misconduct).  "A person 'subjects' another

19  to the deprivation of a constitutional right, within the meaning of  § 1983, if he does an

20  affirmative act, participates in another's affirmative acts or omits to perform an act which he is

21  legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy,

22  588 F.2d 740, 743 (9th Cir. 1978).

23      Moreover, supervisory personnel are generally not liable under § 1983 for the actions of

24  their employees under a theory of respondeat superior and, therefore, when a named defendant

25  holds a supervisorial position, the causal link between him and the claimed constitutional

26  violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979)

27  (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d

28  438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation), cert.

1  denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of

2  official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673

3  F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal

4  participation is insufficient).

5       Plaintiff's claim that he did not timely receive a brace or device is dismissed with leave to

6  amend because no defendant is linked to this claim.

7       Although plaintiff names the Butte County Jail as a defendant, the complaint includes no

8  allegations against this defendant.  Accordingly, the claims against this defendant are dismissed

9  with leave to amend.

10       If plaintiff files an amended complaint naming Butte County Jail as a defendant, plaintiff

11  is informed that municipalities can be held liable under Section 1983 if "action pursuant to

12  official municipal policy of some nature caused a constitutional tort."  Monell v. Dep't of Soc.

13  Servs. of New York, 436 U.S. 658, 691 (1978).  Therefore, in order to state a potentially

14  colorable claim against defendant Butte County Jail, plaintiff must allege that an official jail

15  policy caused the alleged deprivation.

16       For he reasons discussed above, plaintiff's complaint is dismissed with leave to amend.

17  If plaintiff files an amended complaint, he shall clarify whether he was a pretrial detainee or

18  convicted prisoner at the time of the alleged deprivations.

19       If plaintiff files an amended complaint, plaintiff is informed that the court cannot refer to a

20  prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires

21  that an amended complaint be complete in itself without reference to any prior pleading.  This

22  requirement exists because, as a general rule, an amended complaint supersedes the original

23  complaint.  See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an

24  'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'"

25  (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading no

26  longer serves any function in the case.  Therefore, in an amended complaint, as in an original

27  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

28  ////

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Butte County Sheriff's Department filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: June 9, 2020

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Child1048.14

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALLEN LEE CHILDERS,

    Plaintiff,

v.

RYAN RAYOME,

    Defendant.                    No. 2: 20-cv-1058 KJN P

NOTICE OF AMENDMENT

    Plaintiff hereby submits the following document in compliance with the court's order filed_____.

    _____    Amended Complaint

DATED:

                                      _____

                                      Plaintiff